UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| BRANDI MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 5:26-CV-318-REW |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT OF JUSTICE, *et al.*, | ) | OPINION & ORDER |
| | ) | |
| Defendants. | ) | |

*** *** *** ***

Brandi Martin is an inmate confined at the Atwood minimum-security satellite camp ("Atwood") located at the Federal Medical Center in Lexington, Kentucky ("FMC Lexington"). Proceeding without counsel, Martin filed a complaint concerning the conditions of her confinement. *See* DE 1. Martin also seeks permission to proceed *in forma pauperis*. *See* DE 2 (Motion); DE 6 (Certified Inmate Account Statement). Having considered Martin's motion and reported financial information, the Court is persuaded that she lacks sufficient funds to pay the filing fee in full at this time. Thus, Martin will be permitted to proceed *in forma pauperis* and may pay the filing fee in installments as set forth in 28 U.S.C. § 1915(b).

The Court must screen Martin's complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A. *See McGore v. Wrigglesworth*, 114 F.3d 601, 607–08 (6th Cir. 1997). These provisions require the Court to dismiss any claims that are frivolous, malicious, that fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant immune to such relief. At this stage of review, the Court accepts the plaintiff's well-pleaded factual allegations as true, *see Bell*

*Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007), and construes the complaint liberally in her favor, *see Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007).

Martin's complaint is substantially similar to those recently filed by other inmates confined at Atwood. *See Prather v. DOJ*, *et al*., No. 5:26-cv-278-REW (E.D. Ky., dismissed Aug. 18, 2026); *Bartels v. DOJ, et al.*, 5:26-cv-316-KKC (E.D. Ky., dismissed Aug. 25, 2026); *Johnson v. DOJ, et al.*, 5:26-cv-312-KKC (E.D. Ky., dismissed Aug. 27, 2026). Like the other inmates, Martin names the following defendants: (1) United States Department of Justice; (2) Federal Bureau of Prisons (BOP); (3) FMC Lexington; (4) Atwood Satellite Camp; (5) United States Attorney General Todd Blanche; (6) BOP Director William Marshall; and (7) former Warden of FMC Lexington David Paul. *See* DE 1 at 1–2. Martin alleges that she lives in deplorable conditions at Atwood and does not receive adequate medical care. Martin's claims are based on alleged violations of the Eighth Amendment's prohibition on cruel and unusual punishment and the "prohibition against deprivation of life, liberty and violation of substantive rights during confinement" under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. *See* DE 1 at 11.

While Martin used an E.D. Ky. 520 *Bivens* Complaint form, she repeatedly indicates that she is seeking relief under the Federal Tort Claims Act (FTCA); indeed, Martin specifically uses the title "Federal Tort Claim" on multiple pages of her submission. *See* DE 1 at 1, 9, 12. Ultimately, Martin seeks money damages among other forms of relief. *See id*. at 8, 10.

Martin's claims will be dismissed. To the extent she seeks damages under *Bivens*, she is required to "plead that each Government-official defendant, through the official's own conduct, has violated the Constitution." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). *See also Webb v United States*, 789 F.3d 647, 659 (6th Cir. 2015) ("plaintiff must show that the official either

actively participated in the alleged unconstitutional conduct or implicitly authorized, approved, or knowingly acquiesced in the alleged unconstitutional conduct of an offending subordinate"). Although Martin names three federal officials as defendants, she does not allege facts indicating that they, through their own conduct, violated her constitutional rights. It does not appear that Martin mentioned Defendant Blanche at all in the substantive allegations of her complaint. And while Martin reports that former Warden Paul "denied 99% of the requests for Compassionate Release that were sent to his office," she does not allege that she ever sought compassionate release. *See* DE 1–2 at 4. Regardless, a convicted person has no constitutional or inherent right to be released conditionally prior to the expiration of her sentence. *See Greenholz v. Inmates of Nebraska Penal & Corr. Comple*x, 99 S. Ct. 2100, 2104 (1979); *see also Hernandez-Castillo v. Bureau of Prison*, 56 F. App'x 256, 256-57 (6th Cir. Feb. 20, 2003) (noting that a prisoner has no procedural due process liberty interest in compassionate release).

Martin alleges that BOP Director Marshall announced the closure of Atwood but failed to "mention" or "acknowledge" the alleged unsafe living conditions and lack of adequate medical care. *See* DE 1 at 10; 1-2 at 3. But to state an Eighth Amendment conditions-of-confinement claim, a plaintiff must allege facts indicating that the defendant knew that the inmate faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it. *See Farmer v. Brennan*, 114 S. Ct. 1970, 1984 (1994). Without more, it is unclear how Marshall's failure to mention or acknowledge the alleged conditions at Atwood constitutes a violation of Martin's constitutional rights. Thus, to the extent Martin alleges one or more claims under *Bivens* and its progeny, those claims will be dismissed.

The Court turns to Martin's FTCA claim. In general, the United States, as a sovereign entity, is immune from claims against it. *See, e.g.*, *United States v. Mitchell*, 103 S.

Ct. 2961, 2965 (1983). The FTCA constitutes a limited waiver of that immunity, permitting suit against the United States for personal injuries caused by government employees. *See* 28 U.S.C. § 1346(b)(1). A plaintiff may proceed with a claim under the FTCA that is

> [1] against the United States, [2] for money damages, . . . [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

*Brownback v. King*, 141 S. Ct. 740, 746 (2021) (quoting *FDIC v. Meyer*, 114 S. Ct. 996, 1001 (1994)). If any of these elements is lacking, the Court does not have jurisdiction over the claim. *See id.*

Martin's FTCA claim, as presently drafted, fails for a number of reasons. First, Martin did not name the United States (the only proper defendant to an FTCA claim) as a defendant in this case. *See Jude v. Comm'r of Soc. Sec.*, 908 F.3d 152, 157 n.4 (6th Cit. 2018). Next, an FTCA plaintiff must plausibly allege that the United States would be liable under state law if it were a private person. Martin's claims are based on alleged violations of the United States Constitution—not state law. *See Browning v. Pennerton*, 633 F. Supp. 2d 415, 427 (E.D. Ky. 2009) (observing that "constitutional torts cannot be brought under the FTCA"). Since Martin fails to make allegations satisfying the first and sixth elements stated above, this Court lacks jurisdiction over her claim.

Finally, the Court notes that Martin submitted a "memorandum in support of class action lawsuit." *See* DE 1-2 at 3. But Martin cannot represent a class of FTCA plaintiffs. While a litigant generally is entitled to represent herself in court, *see* 28 U.S.C. § 1654, a plaintiff may not "appear *pro se* where interests other than [her] own are at stake." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) (quoting *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998)). The

Sixth Circuit has repeatedly recognized that a *pro se* inmate may not represent a class. *See Ziegler v. Michigan*, 59 F. App'x 622, 624 (6th Cir. Feb. 6, 2003) (unpublished); *Palasty v. Hawk*, 15 F. App'x 197, 200 (6th Cir. June 20, 2001) (unpublished); *Marr v. State of Michigan*, No. 95–1794, 89 F.3d 834, at *1 (6th Cir. Apr. 25, 1996) (unpublished table opinion) (quoting *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) ("[A]n imprisoned litigant who is not represented by counsel may not represent a class of inmates because the prisoner cannot adequately represent the interests of the class.").

In any event, Martin's pleading does not include any factual allegations indicating that the requirements of Rule 23 of the Federal Rules of Civil Procedure are satisfied. *See Eager v. Credit Bureau Collection Servs., Inc.*, Nos. 1:13–CV–30, 1:13–CV–84, 1:13–CV–173, 1:13–CV–261, 2014 WL 3534949, at *8 (W.D. Mich. July 16, 2014) (citing *Moore v. Walter Coke Inc.*, 294 F.R.D. 620, 631 (N.D. Ala. 2013) (observing that a class action complaint must allege acts indicating that the four Rule 23(a) criteria are met and that the class falls within one of the types of classes described in Rule 23(b)).

Based on the foregoing analysis, the Court **ORDERS** as follows:

1. The Court **GRANTS** Martin's request to proceed *in forma pauperis*. Because Martin has been granted pauper status, the Court **WAIVES** the $55.00 administrative fee that otherwise would apply in this case. *See* District Court Miscellaneous Fee Schedule, § 14.

2. Pursuant to 28 U.S.C. § 1915(b), Martin must pay the $350.00 filing fee in the manner set forth below:

    a. The Court **WAIVES** the initial partial filing fee described in 28 U.S.C. § 1915(b)(1).

b. The Clerk of the Court shall open an account in Martin's name for receipt of the filing fee. The Clerk shall complete an E.D. Ky. 525 Notice of Payment Form with Martin's name, her inmate registration number, and this civil case number. The Clerk shall then send a copy of this Order and the Notice of Payment Form to the Warden of the institution in which Martin is currently confined.

c. Martin's custodian shall send the Clerk of this Court a payment each month from Martin's inmate trust fund account. The payment should be in an amount equal to 20 percent of Martin's income from the preceding month. However, the custodian shall only send a monthly payment if the amount in Martin's account exceeds $10.00. The custodian shall continue the monthly payments until Martin's entire $350.00 filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

3. The Court **DISMISSES** this matter without prejudice.

4. The Court will enter a corresponding Judgment.

This the 17th day of September, 2026.

**Signed By:**
***Robert E. Wier*** REW
**United States District Judge**